IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 1 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THOMAS A. CARINO
Reg. No. 02650-036
FEDERAL MEDICAL CENTER
BOX 1600 UNIT 3B
BUTNER, NC 27509

        Plaintiff,

    v.

UNITED STATES OF AMERICA,
MAIN JURTIC BUILDING
10TH STREET & CONSTITUTION AVE. N.W.
WASHINGTON, D.C. 20530
ATTN: ATTORNEY GENERAL

        Defendants.

CASE NUMBER 1:05CV01817

JUDGE: Richard W. Roberts

DECK TYPE: Pro se General Civil

DATE STAMP: 09/13/2005

## COMPLAINT

### I. PRELIMINARY STATEMENT

NOW COMES Plaintiff, Thomas A. Carino, proceeding pro se, who hereby files this complaint under the Federal Tort Claims Act as a result of a personal permanent injury he suffered because of the above-named defendant.

### II. JURISDICTION

The Court has jurisdiction over this cause of action pursuant to Title 28 U.S.C. Sections 2674 and 2671.

### III. PARTIES

1. Thomas A. Carino is a resident of New Jersey and a natural citizen of the United States of America. He is presently incarcerated at the Federal Medical Center, FCI Butner, located at Box 1600,

1

Unit 3B, Butner, North Carolina 27509.

2. Defendant United States of America, as used in this title in a territorial sense, includes all places and waters, continental or insular, subject to the jurisdiction of the United States, except the canal zone.

### IV.  ADMINISTRATIVE REMEDY PROCESS

Before filing this action Plaintiff Carino exhausted the administrative remedy available to him under the Federal Tort Claims Act:

(a) A claim for injury was filed on December 1, 2004, and receipt of such was acknowledged by the Regional Counsel Henry J. Sadowski and assigned Claim Number TRT-NER 2005-00886; and it was denied on April 19, 2005.

### V.  FACTS

1. On Sunday, October 24, 2004, I noticed a small amount of blood in my urine.

2. On Monday, October 25, 2004, I reported to work and informed a BOP staff member of this medical problem. I advised the staff member that the amount of blood in my urine had increased overnight. I was sent to the prison hospital from work (Unicor factory). Ms. Inch saw me and took a blood sample from me; in addition, Ms. Kelly saw me and took a blood sample from me. I was advised that in all likelihood I probably had a kidney infection and was directed to pick up my prescription of antibiotic at 5 PM from the pharmacy window that evening.

3. On Tuesday, October 26, 2004, heavier bleeding occurred and at approximately 12:00 noon I was admitted to the prison hospital for

observation. The observation room was a small cell. There was no emergency alert system in the cell for alerting hospital staff of an emergency. At approximately 4 pm I began to hemorrhage from my prostate loosing a masive amount of blood. I quickly began to bang on the door and yell for help. For ten minutes no one came. I then laid in the bed and whistled very loudly in order to get someone's attention. A staff member looked in, noticed the blood, and ran and called for an ambulance. Ten minutes later paramedics arrived and they transported me to the Williamsport Hospital where I underwent prostrate surgery for nearly two hours. The surgeon advised me the following day that scar tissue from my 1996 operation had opened up slowly causing the bleeding and hemorrhage.

4. On Sunday, October 31, 2004, the surgeon said he prescribed some medications for me that would be given to me at the prison. I only received one of these medications. In addition, the surgeon advised me that a specialist would see me twice a month and do an internal examination of my prostrate. I was never saw a specialist until after I was transferred to FCI Butner on December 8, 2004.

5. On October 14, 2004, I explained to Hospital Administrator Laino (at USP Allenwood) that since my return from the Williamsport Hospital on October 31, 2004, I have not received all of my medications, except for an antibiotic. He stated he would check into the matter.

6. The following day I was seen by the physician who stated that the BOP decided to send me to FCI Butner for a medical examination.

7. On November 22, 2004, I spoke to Warden Troy Williamson during mainline. I let him know that since I had returned from the Williams-

port Hospital, I did not receive all of the medication prescribed by the surgeon, nor did I receive any of the internal examinations prescribed by the surgeon. The Warden told me he would look into the matter. I tried to hand him an Inmate Request to Staff which detailed most of the facts set forth above, but rather than take it, he directed me to send it via internal mail to him so it would be processed by his secretary. I followed his directions.

8. Days later I saw the Warden on the mainline. He asked me if I had gotten the medications yet, I let him know no medication except for the antibiotic was dispensed to me.

## VI. RELIEF

### A. Claims

The United States is liable for the personal injury caused to Plaintiff by the negligence, wrongful acts, and ommissions of the government employees who acted within the scope of their office at the Bureau of Prisons.

### B. Damages

Pursuant to the Federal Tort Claims Act, Plaintiff seeks an award of compensatory damages in the amount of $1,000,000. and for the loss of enjoyment of life he seeks an additional award of damages in the amount of $1,000,000.

## OTHER COURT PROCEEDINGS

The plaintiff has not brought any other action in any other court relating to these claims.

## VERIFICATION

I do hereby declare under penalty of perjury that the foregoing is true and correct (28 U.S.C. § 1746);

4

Signed on this __6th__ day of __September__, 2005.

*Thomas A. Carino*
THOMAS A. CARINO, PRO SE
Reg. No. 02650-036
FEDERAL MEDICAL CENTER
BOX 1600 UNIT 3B
BUTNER, NC 27509

5