UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
THOMAS A. CARINO,                   )
                                    )
    Plaintiff,                      )
                                    )   Civil Action No. 05-1817  (RWR)
    v.                              )
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    Defendant.                      )
_____)

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

The United States Attorney's Office for the District of Columbia ("USAO") has not been served with process in this case. The USAO learned, for the first time during the week of April 14, 2006, that plaintiff, Thomas A. Carino, had filed this civil action in September of 2005. Although the Attorney General was served, as incorrectly reflected on the return receipt provided by plaintiff, the USAO was not served with a copy of the summons and complaint. The individual signing for the Attorney General, who is not authorized to sign for the USAO, apparently inadvertently signed the receipt addressed to the USAO. The complaint tracking system maintained in the USAO Civil Division reflects that the summons and complaint were not received by the USAO. See Declaration of Brenda Jones, Civil Litigation Assistant, Civil Division, USAO, attached hereto as Exhibit A, ¶ 3.

Fed. R. Civ. P. 4(i) governing service on the United States provides:

(1) Service upon the United States shall be effected

> (A) by delivering a copy of the summons and of the complaint to
> the United States attorney for the district in which the action is
> brought or to an assistant United States attorney or clerical
> employee designated by the United States attorney in a writing

>filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mailed addressed to the civil process clerk at the office of the United States attorney and
>
>(B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia. . .

As the return receipt for the USAO demonstrates, the certified copy of the summons and complaint were not addressed to the civil process clerk. Moreover, as the declaration of Brenda Jones states, the Civil Division of the USAO has not received of a copy of the summons and complaint since September 13, 2006, when the complaint was filed. See Exhibit A, ¶ 3. Accordingly, defendant has not been properly served and the entry of judgment against it under these circumstances would be unwarranted.

To the extent that plaintiff is seeking summary judgment based on this faulty service, defendant submits that plaintiff has not shown that there are no genuine issues of material facts with regard to service. By the attached declaration, defendant has established otherwise.

To the extent that plaintiff's motion is one for default or default judgment, it also fails. Fed. R. Civ. P. 55(e) provides that no judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court. See Fed. R. Civ. P. 55(e) and O-J-R v. Ashcroft, 216 F.R.D. 150, 152-53 (D.D.C. 2003) (Rule 55(e) prohibits courts from entering default judgments against the United States or officers or agencies thereof unless the claimant, by evidence satisfactory to the court, establishes a right to relief). Plaintiff's motion plainly fails to satisfy these standards.

Even if a default or default judgment had been entered against the United States in this case, "[t]his is not a case in which a default judgment was necessary because the defendants were 'essentially unresponsive.'" Jackson v. Beech, 636 F.2d at 831, 837 (D.C. Cir. 1980) (internal quotation omitted). The Jackson court sets forth the standards to be considered in entering a default judgment.

In Jackson, the Court of Appeals noted a default judgment is disfavored as "modern federal procedure favors a trial on the merits over a default judgment." Id. at 835. The Jackson Court further held that courts may grant default judgment against a "totally unresponsive party" after considering the following factors: 1) whether the delay is willful, 2) whether the plaintiff has been prejudiced by the delay, and 3) whether the alleged defense is meritorious. Jackson v. Beech, 636 F.2d at 835-36; see also Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987). As none of these elements are applicable to this case, neither a default nor a default judgment is warranted. The USAO did not have notice of plaintiff's complaint until the week of April 14, 2006, and, to date, has not been properly served. See Exhibit A. To the extent that plaintiff has a claim for relief, he has not shown prejudice.

Finally, plaintiff's suit cannot be maintained in this Court in any event. Indeed, defendant has filed under separate cover, a motion to dismiss or transfer plaintiff's case as the venue requirements for a claim filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., are not met in the District of Columbia. Under the relevant provision of the FTCA, venue is proper "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b) (2000).

Accordingly, since plaintiff resides in Butner, North Carolina and the acts complained of occurred in White Deer, Pennsylvania, venue is not proper in the District of Columbia.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that plaintiff's motion for summary judgment be denied.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
RUDOLPH.CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, Bar #354530
Assistant United States Attorney
555 4th St., N.W.  Room E-4204
Washington, D.C. 20530
(202) 514-7137

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing opposition and proposed order were served on plaintiff by first class mail, postage prepaid, to:

Thomas A. Carino
Reg. No. 02650-036
Federal Medical Center
Box 1600 Unit 3B
Butner, NC 27509

this 21st day of April, 2006.

_____/s/_____
CLAIRE WHITAKER, D.C. BAR #354530
Assistant United States Attorney
555 4th Street, N.W., Room E-4204
Washington, D. C. 20530
(202) 514-7137