UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
THOMAS A. CARINO,              )
                                              )
     Plaintiff,                   )
                                              )   Civil Action No. 05-1817 (RWR)
   v.                         )
                                              )
UNITED STATES OF AMERICA,   )
                                              )
     Defendant.                  )
_____)

### DEFENDANT'S MOTION TO DISMISS OR TRANSFER

Defendant United States of America moves this Honorable Court to dismiss this case, pursuant to Fed. R. Civ. R. 12(b)(1), (3) & (6). Grounds for this motion are set forth in the attached memorandum of points and authorities.[1] A proposed order is also attached.

---

[1] Plaintiff is pro se. Plaintiff is informed that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). To the extent that this Court dismisses the action under Rule 12(b)(6) after viewing it as a motion for summary judgment, plaintiff should take notice that any factual assertions contained herein may be accepted by the Court as true unless the plaintiff submits affidavit or other documentary evidence contradicting the assertions in the documents on which defendants rely. Fed. R. Civ. P. 56 (e), provides as follows:

    (e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Respectfully yours,

_____/s/_____
KENNETH L. WAINSTEIN , D.C. Bar # 451058
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
THOMAS A. CARINO,                    )
                                     )
    Plaintiff,                       )
                                     )   Civil Action No. 05-1817  (RWR)
    v.                               )
                                     )
UNITED STATES OF AMERICA,            )
                                     )
    Defendant.                       )
_____)

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR TRANSFER

I. Introduction

Plaintiff has filed a complaint in this Court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., for injuries allegedly caused by Federal Bureau of Prisons ("BOP") personnel while he was incarcerated at USP Allenwood in White Deer, Pennsylvania. See Complaint at 3 and Administrative Claim.[2]  Plaintiff presently resides at the Federal Medical Center at FCI Butner in Butner, North Carolina. Plaintiff avers in his complaint that he is a resident of New Jersey. Complaint at 1.  Because venue for plaintiff's tort claim does not lie in this jurisdiction, defendant moves to dismiss his complaint.  Alternatively, defendant moves for transfer of plaintiff's claim to another jurisdiction, e.g., the U.S. District Court for the Middle District of Pennsylvania (where the tort allegedly occurred) or the U.S. District Court for the Eastern District of North Carolina (where he presently resides).

---

[2] Although plaintiff did not include a copy of the Administrative claim he filed in connection with his alleged injuries, undersigned counsel requested a copy from the Bureau of Prisons and has attached it hereto as Exhibit 1.

1

### III.  ARGUMENT

**A.     Standard of Review.**

**1. Fed. R. Civ. P. 12(b)(1)**:

Under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction. "[A] Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Fowler v. District of Columbia, 122 F.Supp.2d 37, 39 (D.D.C. 2000). If jurisdiction has not been established, the Court must dismiss the action. In determining the scope of the jurisdiction, it is sometimes necessary for the court to look to matters outside the pleadings. Battle v. Rubin, 121 F.Supp.2d 4, 6 (D.D.C. 2000); Fowler, 122 F.Supp.2d at 40.

**2.  Fed. R. Civ. P. 12(b)(3).**

Under the relevant provision of the FTCA, venue is proper "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b) (2000).

Under 28 U.S.C. § 1406(a), the decision as to whether a dismissal or transfer is appropriate is one committed to the discretion of the Court acting in the interests of justice.

**3. Fed. R. Civ. P. 12(b)(6).**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Thomas v. City Lights School, Inc., et al., 124 F.Supp.2d 707, 708 (D.D.C. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Plaintiff's factual allegations

must be accepted as true when reviewing the adequacy of the complaint pursuant to Fed. R. Civ. 12(b)(6). Hill v. City of New York, 45 F.3d 653, 657 (2d Cir. 1995). A Rule 12(b)(6) motion may be converted into a summary judgment motion pursuant to Fed. R. Civ. P. 56 when matters outside the pleadings are considered.

    B. Plaintiff's Complaint Should be Dismissed or Transferred to the U.S. District Court for the Eastern District of North Carolina or Middle District of Pennsylvania.

Venue is improper in this jurisdiction under the FTCA. Under the relevant provision of the FTCA, venue is proper "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b) (2000). Plaintiff resides in a federal institution in Butner, North Carolina, and complains of acts occurring in USP Allenwood which is in White Deer, Pennsylvania. Accordingly, venue would lie in the U.S. District Court for the Eastern District of North Carolina or the U.S. District Court for the Middle District of Pennsylvania. Therefore, venue is improper under the FTCA in this jurisdiction.

Alternatively, defendant moves to transfer this case to either one of the afore-mentioned jurisdictions.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the BOP's motion to dismiss or

transfer.

                                  Respectfully yours,

                                    /s/
                                KENNETH L. WAINSTEIN , D.C. Bar # 451058
                                United States Attorney

                                    /s/
                                RUDOLPH CONTRERAS, D.C. Bar # 434122
                                Assistant United States Attorney

                                    /s/
                                CLAIRE WHITAKER, D.C. Bar # 354530
                                Assistant United States Attorney
                                United States Attorneys Office
                                555 4th Street, N.W., Room E-4204
                                Washington, D.C. 20530
                                (202) 514-7137

Marli J.P. Kerrigan
Assistant General Counsel
Litigation Branch
Federal Bureau of Prisons

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21[th] day of April, 2006, that a copy of the foregoing motion to dismiss or transfer, was served by First-Class mail; postage prepaid to:

Thomas A. Carino
Reg. No. 02650-036
Federal Medical Center
Box 1600 Unit 3B
Butner, NC 27509

                                          /s/
                                  CLAIRE WHITAKER
                                  Assistant United States Attorney
                                  555 Fourth Street, N.W.
                                  Civil Division
                                  Washington, D.C.  20530
                                  (202)514-7137