*TRT-NER-2005-00886*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| North-East Regional Office<br>Bureau of Prisons<br>2nd and Chestnut Streets<br>Philadelphia, Pa 19106 | Thomas A. Carino<br># 02650-036<br>USP Allenwood<br>Box 3000, White Deer, Pa 17887 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH | 5. MARITAL STATUS<br>single | 6. DATE AND DAY OF ACCIDENT<br>October 24 & 25, 2004 | 7. TIME (A.M. OR P.M.)<br>10 P.M. |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

See attachment of additional pages    (2 pages)

DEC - 6 2004

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

Not Applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Massive hemorrhage of Prostate; limitations to physical activities; unknown damage due to gross medical neglect.

11. **WITNESSES**

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| 1. Surgeon | Williamsport Hospital |
| 2. Medical Records | USP Allenwood & Williamsport Hospital |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
| | $1,000,000<br>$1,000,000 -Loss | of enjoyment of life | $2,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Thomas A Carino* | 13b. Phone number of signatory<br>None | 14. DATE OF CLAIM<br>12-1-04 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM<br>The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS<br>Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |
|---|---|

95-108<br>Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

CA 05 - 1817 (RWR)<br>Exhibit 1

Thomas A. Carino
# 02650-036
FTCA
December 1, 2004
Page 1 of 2

8. **Basis of Claim:**

On Sunday October 24, 2004, I notice a small amount of blood in my urine.

On Monday, October 25, 2004, I reported to work and informed a BOP staff member of this medical problem. I advised the staff member that the amount of blood in my urine had increased overnight. I was sent to the prison hospital from the UNICOR factory. Ms. Inch saw me and took a urine sample from me; in addition, Ms Kelly saw me and took a blood sample from me. I was advised that in all likelihood I probably had a kidney infection and was directed to pick up my prescription of antibiotic at 5 P.M. from the pharmacy window that evening.

On Tuesday, October 26, 2004, heavier bleeding occurred and at approximately 12:00 noon I was admitted to the prison hospital for observation. The observation room was a small cell. There was no emergency alert system for alerting hospital staff of an emergency. At approximately 4 P.M. I began to hemorrhage from my prostate losing a massive amount of blood. I quickly began to bang on the door and yell for help. For ten minutes no one came. I then laid in the bed and whistled very loudly in order to get someone's attention. A staff member looked in, noticed the blood, and ran and called for an ambulance. Ten minutes later paramedics arrived and they transported me to the Williamsport Hospital where I underwent prostate surgery for nearly 2 hours. The surgeon advised me the following day that Scar tissue from my 1996 operation had openned up slowly causing the bleeding and hemorrhage.

On Sunday, October 31, 2004, the surgeon said he prescribed some medications for me that will be given to me at the prison. As of this date (December 1, 2004) I have only received one of these medications. In addition, the surgeon advised me that a specialist would see me twice a month and do an internal examination of my prostate. As of this date (December 1, 2004) I have not been seen by a special at all.

On October 15, 2004, I explained to Hospital Administrator Laino that since my return from the Williamsport Hopital on October 31, 2004, I have not received all of my medications, except for an antibiotic. He said he would check into the matter.

Thomas A. Carino
# 02650-036
FTC
December 1, 2004
Page 2 of 2

The following day, I was seen by the physician who said that the BOP decided to send me to FCI Butner for a medical examination and evaluation.

On November 22, 2004, I spoke with Warden Troy Williamson during mainline. I let him know that since I had returned from the Williamsport Hospital, I did not receive all of the medicatios prescribed by the surgeon nor did I receive any of the internal examinations of my prostate as prescribed by the surgeon. The Warden told me he would look into the matter. I tried to hand him an Inmate Request To Staff which detailed most of the facts set forth above, but rather then take it, he directed me to send it via internal mail to him so it would be processed by his secretary. I follwed his directions.

Days later I saw the Warden on mainline. He asked me if I had gotten the medications yet, I let him know no medication except for the antibiotic was dispensed to me.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

December 1, 2004.

Thomas A. Carino